UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
                                          |
ALLAN GREEN, HANA GREEN, WHITE BUFFALO,   |
LLC, DEAN JANSSEN, KATHLEEN JANSSEN,      |
JAMES MICHAEL DUNIGAN, NENA M. DUNIGAN,   |
ABILENE TRADING, LLC, CHRIS C. MALETIS,   |
III, SUSAN E. MALETIS, JAMES D. INGSTAD,  |
VICTORIA S. INGSTAD, THOMAS E. INGSTAD,   |
FARGO TRADING, LLC, and TEI TRADING, LLC, |06 Civ. 4156(KMW)(JCF)
                                          |
                   Plaintiffs,            | OPINION AND ORDER
                                          | ON MOTION FOR
     -against-                            | RECONSIDERATION AND
                                          | MOTION TO SEVER
ANDREW D. BEER and SAMYAK C. VEERA,       | PLAINTIFF GROUPS
                                          |
                   Defendants.            |
                                          |
------------------------------------------X
KIMBA M. WOOD, U.S.D.J.:

## I. Introduction

Plaintiffs, thirteen individuals and four limited liability corporations, filed suit against Defendants Andrew D. Beer ("Beer") and Samyak C. Veera ("Veera"), alleging unjust enrichment, breach of fiduciary duty, fraud, negligent misrepresentation, and civil conspiracy.  Defendants allegedly promoted a tax-shelter scheme, called the "COINS Strategy."  They allegedly advised Plaintiffs that the investment scheme would generate real profits and provide tax-related benefits.  The strategy did not perform as promised.  The IRS disallowed Plaintiffs' claimed tax savings that were originally assured by Defendants, and required Plaintiffs to pay substantial

settlements.

The Court dismissed Plaintiffs' claims of breach of fiduciary duty, fraud, negligent misrepresentation, and civil conspiracy by Order dated February 22, 2007.  (D.E. 26.) Plaintiffs amended their complaint, alleging unjust enrichment, fraud, and civil conspiracy ("Amended Complaint").  (D.E. 28.) Defendants moved to dismiss the fraud claim pursuant to Federal Rule of Civil Procedure ("Rule") 9(b) and Rule 12(b)(6), and Veera moved to dismiss the unjust enrichment claim pursuant to Rule 12(b)(6).  (D.E. 31.)  The Court denied Defendants' motions by Order dated March 30, 2009 ("March 2009 Order").  The Court determined that Plaintiffs' claims of direct fraud and of indirect fraud based on a theory of civil conspiracy were sufficiently pleaded.  The Court agreed with Defendants that Plaintiffs failed to sufficiently plead Defendants' vicarious liability for fraud based on a theory of agency.

On June 10, 2009, Defendants requested leave to move for dismissal of Plaintiffs' claims in light of the Supreme Court's decision in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009), which was decided several weeks after the March 2009 Order was issued. Defendants argue that Iqbal represents an intervening change of controlling law with respect to pleading standards pursuant to Rules 8 and 9(b).  They submit that the March 2009 Order denying

the motion to dismiss all claims is inconsistent with applicable law post-<u>Iqbal</u>.  The Court construed the request as one to move for reconsideration.[1]  (D.E. 65.)  In the alternative, Defendants seek to sever the claims of the separate Plaintiff groups pursuant to Rule 21 on the grounds that: (1) their claims do not meet the requirements for permissive joinder of parties set forth in Rule 20(a)(1); and (2) severance is necessary to prevent substantial prejudice to Defendants and to promote judicial economy.

For the reasons discussed below, Defendants' motion for reconsideration of the March 2009 Order is DENIED.[2]  The motion to sever the claims of Plaintiff groups is also DENIED.

## II. Motion for Reconsideration of March 2009 Order

### A.   Legal Standard

#### 1.   Rule 54(b) Motion for Revision of Pre-Judgment Order

Under Rule 54(b), a court's order or decision "is subject to

---

[1]The Court advised the parties that Defendants' motion would be construed as one for reconsideration pursuant to Rule 60(b). Defendants correctly note that Rule 54(b) instead is the applicable provision.  The Court notes that reconsideration is not warranted pursuant to either Rule 54(b) or 60(b) analysis.

[2]Defendants submit that the present motion may also be treated as one to dismiss the Amended Complaint pursuant to Rule 12(c).  The motion's basic arguments, however, are essentially the same as those forwarded in Defendants' previous motion.  The matter is therefore properly considered as a motion for reconsideration.

revision at any time before the entry of judgment." Fed. R. Civ. 54(b). A party may request such revision by filing a motion for reconsideration.

Rule 54(b) revisions should be limited to instances in which "there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147, 167 (2d Cir. 2003). Where there is an arguable "intervening change of controlling law," the Court should consider whether the change justifies a departure from the "law of the case" and revision of a previous decision. Pescatore v. Pan Am. World Airways, 97 F.3d 1, 6 (2d Cir. 1996).

"Cogent" or "compelling" reasons must exist to justify such action. See Doe v. New York City Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983). "It is not enough . . . that [a party] could now make a more persuasive argument" under more recent case law. Fogel v. Chestnutt, 668 F.2d 100, 109 (2d Cir. 1981). A court must instead have a "clear conviction of error with respect to a point of law on which its previous decision was predicated." Id. (internal quotation marks omitted).

It is therefore necessary to determine whether the claimed change of controlling law since the issuance of the March 2009

4

Order constitutes a "cogent" or "compelling" reason to reconsider and revise the Court's decision.

### 2.   Pleading Requirements post-<u>Iqbal</u>

### a. Rule 8 Pleading Requirement

In <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007), the Supreme Court provided considerable guidance as to the pleading requirements for a civil plaintiff.  To meet the Rule 8 requirement of providing "a short and plain statement of the claim showing that the pleader is entitled to relief," the factual allegations in the complaint must be sufficient "to raise a right to relief above the speculative level."  <u>Id.</u> at 555.  In May 2009, <u>Iqbal</u> clarified the pleading standards discussed in <u>Twombly</u>.  The Supreme Court identified "[t]wo working principles [that] underlie [the] decision in <u>Twombly</u>."  <u>Iqbal</u>, 129 S. Ct. at 1949.  <u>See also</u> <u>Harris v. Mills</u>, 572 F.3d 66, 71-72 (2d Cir. 2009) (applying <u>Twombly</u>'s "plausibility standard" as clarified by the "two working principles" set forth in <u>Iqbal</u>); <u>Bilello v. JPMorgan Chase Ret. Plan</u>, No. 07-7379, 2009 WL 2461005, at *5-6 (S.D.N.Y. Aug. 12, 2009) (same).

The first principle provides that, although "a court must accept as true all of the allegations contained in a complaint," that "tenet" "is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." <u>Iqbal</u>,
129 S. Ct. at 1949.  The second principle states that "only a
complaint that states a plausible claim for relief survives a
motion to dismiss" and "[d]etermining whether a complaint states
a plausible claim for relief will . . . be a context-specific
task that requires the reviewing court to draw on its judicial
experience and common sense."  <u>Id.</u>

The <u>Twombly</u> pleading standard was largely reiterated by the
Supreme Court in its <u>Iqbal</u> decision.  To survive a motion to
dismiss, a complaint must still "contain sufficient factual
matter, <u>accepted as true</u>, to 'state a claim to relief that is
plausible on its face.'"  <u>Id.</u> at 1949 (quoting <u>Twombly</u>, 550 U.S.
at 570) (emphasis added).  "Facial plausibility" is established
when a "plaintiff pleads factual content that allows the court to
draw the <u>reasonable inference</u> that the defendant is liable for
the misconduct alleged."  <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556)
(emphasis added).

### b. Rule 9(b) Pleading Requirement for Fraud Claim

There is a heightened pleading requirement for averments of
fraud such that a "party must state with particularity the
circumstances constituting fraud."  Fed. R. Civ. P. 9(b); <u>see
also</u> <u>Rombach v. Chang</u>, 355 F.3d 164, 170 (2d Cir. 2004).  The
same rule provides that "[m]alice, intent, knowledge, and other

conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Yet, as the Supreme Court made clear in <u>Iqbal</u>, these latter elements of a fraud claim must nevertheless meet basic Rule 8 pleading standards:

> "[G]enerally" is a relative term. In the context of Rule 9, it is to be compared to the particularity requirement applicable to fraud or mistake. Rule 9 merely excuses a party from pleading [those elements] under an elevated pleading standard. <u>It does not give him license to evade the less rigid -- though still operative -- strictures of Rule 8.</u> And Rule 8 does not empower respondent to plead the bare elements of his cause of action, affix the label "general allegation," and expect his complaint to survive a motion to dismiss.

<u>Iqbal</u>, 129 S. Ct. at 1954 (emphasis added and citations omitted).

**B.   Application of Legal Standard**

The Court finds that the Rule 8 and 9(b) pleading rules, as clarified by the Supreme Court in <u>Iqbal</u>, do not constitute an intervening change in decisional law that warrants reconsideration and revision of the March 2009 Order denying Defendants' motion to dismiss Plaintiffs' claims. To the extent that <u>Iqbal</u> altered applicable pleading requirements, Plaintiffs' Amended Complaint satisfies those requirements.

**1.   No Intervening Change in Decisional Law Warrants Reconsideration**

Defendants argue that the Supreme Court's decision in <u>Iqbal</u>

"materially changes the way Plaintiffs' allegations must be analyzed to determine whether they state a cognizable claim" and represents a "substantial change from the law that this Court applied" in its March 2009 Order. (Mot. at 4, 7.)  This contention is belied by the Supreme Court's own discussion in Iqbal.  The Supreme Court did not overrule or contradict Twombly, but rather clarified the applicable pleading standard by identifying "[t]wo working principles [that] underlie [its] decision in Twombly."  Iqbal, 129 S. Ct. at 1949.  The Court specifically rejected the "bare assertions" of the plaintiff in that case, finding his claims to be "much like the pleading of conspiracy in Twombly, [which] amount[ed] to nothing more than a 'formulaic recitation of the elements'" of the cause of action. Id. at 1951 (quoting Twombly).

Defendants further contend that Iqbal substantially changes the pleading requirements for a fraud claim by announcing that "[m]alice, intent, knowledge, and other conditions of a person's mind," although not subject to the elevated pleading standard in Rule 9(b), must now meet the general Rule 8 pleading requirements.  Iqbal, 129 S.Ct. at 1954.  This principle, however, is not novel and cannot be said to represent an intervening change of decisional law.  See id. (indicating that the fraud pleading standard is well established and citing 5A C.

Wright & A. Miller, Federal Practice and Procedure § 1301, p. 291 (3d ed. 2004)). The law applied in the March 2009 Order with respect to the pleading of the fraud action is much the same as that defined by the Supreme Court in Iqbal. (March 2009 Order at 14, 17, n.15.)

_____There is no ground for a revision of the March 2009 Order pursuant to Rule 54(b). No "intervening change of controlling law" exists that would justify departure from the "law of the case" and a modification of the Court's previous decision. Pescatore, 97 F.3d at 6; Doe, 709 F.2d at 789. The Court discerns no "clear conviction of error" in its March 2009 Order in light of the Iqbal decision; reconsideration would therefore be improper. Fogel, 668 F.2d at 109.

    **2. Plaintiff's Amended Complaint Meets Pleading**
        **Requirements under Iqbal**

The Court notes that application of the Supreme Court's clarification of pleading standards under Twombly as set forth in Iqbal would lead to the same result as that provided in the March 2009 Order on Defendants' motion to dismiss. Plaintiffs have alleged sufficient facts to state a plausible claim for relief with respect to their claims of fraud, civil conspiracy, and unjust enrichment. The factual content in the complaint allows this Court to draw a "reasonable inference" that, if the

allegations are proven, the Defendants are "liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556).

## C.   Conclusion

The Supreme Court's Iqbal decision does not represent an intervening change in decisional law warranting reconsideration of the March 2009 order, a departure from the law of the case, and a revision of the Court's prior decision pursuant to Rule 54(b).  The request for reconsideration is DENIED.

## III. Motion to Sever Plaintiff Groups

Defendants next argue that the claims of the Plaintiff groups - identified as the Green, Janssen, Dunigan, and Ingstad Plaintiffs - were improperly joined in this action, and move for their severance pursuant to Rule 21.[3]

For the reasons stated below, the Court finds no basis for severance of Plaintiff groups' claims and DENIES Defendants' motion.

## A.   Facts

---

[3]Defendants state that a fifth Plaintiff group, the Maletis Plaintiff, will be withdrawing from this litigation.  The instant motion to sever provides argument only with respect to the Green, Janssen, Dunigan, and Ingstad Plaintiffs.  The Court's analysis thus addresses only those four Plaintiff groups.

Defendants first argue that joinder of the Plaintiff groups is improper.  They contend that each Plaintiff group claims to have been defrauded by a distinct group of people, at different times, and under disparate circumstances.

According to the Amended Complaint, the fraudulent and conspiratorial scheme to promote the COINS Strategy to prospective clients was executed with some variation with respect to each Plaintiff group.  For example, the Green Plaintiffs allege that they met directly with Defendants Beer and Veera in May 2000 following a referral by accountants from BDO Seidman, LLP.  (Am. Compl. ¶ 40.)  Defendants personally presented their foreign currency trading strategy, indicating that the Green Plaintiffs could "make a substantial amount of money on the investment" and enjoy "significant tax advantages as a result of the strategy."  (Id. ¶ 41.)

The Janssen Plaintiffs allege that they met with (1) Veera, (2) a representative from Arthur Andersen, LLP, and (3) their own accountant in June 2000.  (Id. ¶ 43.)  At that meeting, Veera presented the COINS Strategy and stated that the Janssen Plaintiffs could make a "sizeable profit" from their "legal and legitimate tax-savings strategy."  (Id.)  Beer is connected to the alleged misconduct not by his direct involvement with the transaction but instead by his partnership with Veera and

11

involvement in the creation and execution of the COINS Strategy. (Id.)

The Dunigan Plaintiffs did not meet with, or directly receive information about the COINS Strategy from, Beer or Veera. They instead allege that, from June through September 2000, they met with a number of other individuals, including representatives from the accounting firms of RSM McGladrey, Inc. and BDO Seidman, LLP, who acted as agents or associates of Beer and Veera as part of an alleged civil conspiracy. (Id. ¶¶ 45-48.) These associates promoted the COINS Strategy that was designed by Defendants and provided information to the Dunigan Plaintiffs about the tax-saving benefits of the strategy. (Id.)

Like the Dunigan Plaintiffs, the Ingstad Plaintiffs were approached by representatives from the accounting firms of RSM McGladrey, Inc. and BDO Seidman, LLP, who - as part of the alleged civil conspiracy - presented the COINS Strategy in July 2000. (Id. ¶ 50.) Soon after, the Ingstad Plaintiffs' accountant traveled to New York to meet with Beer and Veera at the Bricolage Capital, LLC office. (Am. Compl. ¶ 51.) Beer presented the investment strategy and indicated that it could "result in a profit" and provide "tax benefits" for the Ingstad Plaintiffs. (Id.)

Defendants submit that each Plaintiff group's claims of

fraud occurred at different times and places, with different participants, and led to different investments and losses.  For these reasons, they contend, Plaintiff groups' claims do not arise out of the same transaction or occurrence and so cannot be properly joined under Rule 20(a).  They also argue that severance is necessary to avoid prejudice to Defendants and in the interest of judicial economy.

### B.    Legal Standard

#### 1.    Grounds for Severance and Judicial Discretion

In considering a severance motion, the Court will consider the applicable requirements of Rule 20 and additional factors relating to the fairness and judicial economy of permitting or rejecting joinder of parties.  See Kehr v. Yamaha Motor Corp., 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008); Laureano v. Goord, No. 06-7845, 2007 WL 2826649, at *8 (S.D.N.Y. Aug. 31, 2007); In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig., 214 F.R.D. 152, 154-55 (S.D.N.Y. 2003).  The trial court has broad discretion on whether to sever parties or claims.  See New York v. Hendrickson Bros., Inc., 840 F.2d 1065, 1082 (2d Cir. 1988). "The requirements of Rule 20(a) should be interpreted liberally in order to enable the court to promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding."  Liegey v.

Ellen Figg, Inc., No. 02-1492, 2003 WL 21361724, at *3 (S.D.N.Y. June 11, 2003) (internal quotation marks omitted).

### 2.   Rule 20(a)(1) Permissive Joinder of Plaintiffs

Rule 20(a)(1) permits the joinder of multiple plaintiffs if: (1) "they assert any right to relief . . . in respect of or arising out of the same transaction, occurrence or series of transactions or occurrences" and (2) "if any questions of law or fact common to all [plaintiffs] will arise in the action."  Fed. R. Civ. P. 20(a)(1).  "The purpose of Rule 20 is to promote trial convenience and to expedite the resolution of disputes, thereby preventing multiple lawsuits" where appropriate.  Blesedell v. Mobil Oil Co., 708 F. Supp. 1408, 1421 (S.D.N.Y. 1989).

Courts in this Circuit have interpreted the phrase "same transaction" to encompass "all logically related claims" and have made such determinations on a "case-by-case basis."  See, e.g., id. at 1421; Epstein v. Kemper Ins. Cos., 210 F. Supp. 2d 308, 320 (S.D.N.Y. 2002).  Joinder of plaintiffs does not require that their claims arise from the same incident but rather that they have a "logical relationship" that support trying them in a single proceeding.  Blesedell, 708 F. Supp. at 1421 (citing Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974)).

The rule further requires that plaintiffs' claims present

14

common questions of law and fact.  Fed. R. Civ. P. 20(a)(1)(B).
This provision "does not require that <u>all</u> questions of law and
fact raised by the dispute be common" but permits joinder of
plaintiffs "if there is <u>any</u> question of law or fact common to
all."  <u>Blesedell</u>, 708 F. Supp. at 1422 (emphasis in original).
The common questions of law and fact should be material to the
issue of defendants' alleged liability.  See <u>German v. Fed. Home</u>
<u>Loan Mortg. Corp.</u>, No. 93-6941, 1998 WL 812478, at *8 (S.D.N.Y.
Nov. 16, 1998) (finding that joinder of defendants under Rule
20(a)(2), which provides analogous joinder requirements to Rule
20(a)(1), requires that common questions of fact and law be
material and more than tangential to the litigation).

### 3.   Additional Factors for Severance Analysis

On a motion to sever plaintiffs' claims, the Court may
consider certain factors beyond those provided in Rule 20(a)(1),
including: (1) whether a party would be prejudiced by joinder or
severance; (2) whether severance would serve judicial economy;
and (3) whether the claims involve different witnesses and
evidence.  <u>Kehr</u>, 596 F. Supp. 2d at 826; <u>Laureano</u>, 2007 WL
2826649, at *8.

### C.   Application of Legal Standard to Facts

### 1.   Joinder of Plaintiff Groups Satisfies Rule 20(a)(1) Requirements

15

a.   <u>Same Transaction or Occurrence</u>

The Court finds that the claims of Plaintiff groups have a sufficiently "logical relationship" to be considered to arise out of the same transaction or occurrence.  Fed. R. Civ. P. 20(a)(1)(A).

In its March 2009 Order, the Court noted that the alleged statements and representations made by Defendants and/or their associates were discernibly different with respect to each Plaintiff group.  (March 2009 Order at 31, n.21.)  Each Plaintiff group's claims suggest that the promotion of the COINS Strategy varied with respect to the Defendants' level of contact with Plaintiffs, the specific representations made about the tax and other financial benefits of the COINS Strategy, and details about the transactions that followed.

The Court nevertheless recognized that the statements and representations made to all Plaintiff groups were "substantively similar."  (<u>Id.</u>)  The COINS Strategy was allegedly designed by Defendants Beer and Veera and promoted with the assistance of various representatives who - intentionally or unwittingly - conveyed information that Plaintiffs now claim was fraudulent. All claims alleged by plaintiffs stem from this basic fraudulent scheme.  They are therefore logically related and satisfy the "same transaction or occurrence" requirement of Rule 20(a)(1).

16

See <u>Blesedell</u>, 708 F. Supp. at 1421; <u>see also</u> <u>Hohlbein v.</u>
<u>Heritage Mut. Ins. Co.</u>, 106 F.R.D. 73, 78-79 (E.D. Wis. 1985)
(denying company defendant's motion to sever "admittedly
unrelated" plaintiffs on the ground that defendant's alleged
actions demonstrated a continuing pattern or practice of
misconduct, notwithstanding that plaintiffs were employed at
different times, held different positions, engaged in discrete
application processes, and were terminated under disparate
circumstances).

      b.   <u>Common Questions of Fact and Law</u>

    Common questions of fact and law exist that are central to
the adjudication of all claims in this litigation.  Fed. R. Civ.
P. 20(a)(1)(B).  The Court identified in its March 2009 Order
several issues of fact common to all claims, including whether:
(1) Defendants and/or their associates approached Plaintiffs in
2000 to promote the COINS Strategy, Am. Compl. ¶¶ 15 n.2, 38; (2)
meetings with Plaintiffs or their representative were arranged by
Defendants and their associates to discuss the COINS Strategy,
<u>id.</u> ¶¶ 38, 40, 43, 49, 51; (3) Defendants communicated in person
or by phone, or through their associates, with Plaintiffs or
Plaintiffs' agents, <u>id.</u> ¶¶ 40, 43, 45, 49, 50-51; (4) Defendants
or their associates explained how the COINS Strategy worked,
including the potential tax-related benefits, <u>id.</u> ¶¶ 37, 40; (5)

Defendants knew that the COINS Strategy did not have a reasonable possibility of turning a profit, id. ¶¶ 28, 103-104; (6) Defendants provided fraudulent assurances that the COINS Strategy was a legitimate foreign currency transaction, including purportedly "independent" opinion letters from a tax law firm, id. ¶¶ 40-51; (7) Plaintiffs agreed to engage in the COINS Strategy based upon Defendants' or their associates' assurances as to the substance and legality of the financial scheme, id. ¶¶ 29, 38-39; (8) between June and December 2000, Plaintiffs engaged in the COINS Strategy by executing various options contracts with Deutsche Bank, with which Defendants were associated, and following the COINS Strategy as directed by Defendants and co-conspirators, id. ¶¶ 52-69; (9) Defendants knew that the United States Internal Revenue Service ("IRS") considered the COINS Strategy improper and would disallow Plaintiffs' claimed tax losses, id. ¶¶ 70-75, 84, 103-104; and (10) Plaintiffs were audited by the IRS in 2004 and were required to pay back taxes owed plus penalties, id. ¶¶ 82, 96.  (March 2009 Order at 3-8.)

These and other factual allegations are material to the issue of Defendants' liability and, taken together, satisfy the Rule 20(a)(1)(B) requirement of sharing some common questions of fact.  Blesedell, 708 F. Supp. at 1422.

18

Common issues of law include: (1) whether Defendants made misrepresentations or omissions of material fact on which Plaintiffs justifiably relied, such that Defendants are liable for fraud; (2) whether Defendants entered into a civil conspiracy; and (3) whether Defendants were unjustly enriched by the COINS Strategy-related transactions.  Id.; see also Hall v. E.I. Du Pont De Nemours & Co., Inc., 345 F. Supp. 353, 381 (E.D.N.Y. 1972) ("Rule 20(a) requires only 'any common question of law or fact.' Thus the presence of questions of law not common to all the plaintiffs will not, in itself, defeat joinder.").

### 2. Interests of Fairness and Judicial Economy Support Joinder

The Court finds unpersuasive Defendants' argument that severance of each Plaintiff group is necessary to avoid unfair prejudice to Defendants and to serve interests of judicial economy.  The Federal Rules of Civil Procedure support hearing the "broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."  United Mine Workers of America v. Gibbs, 383 U.S. 715, 725 (1966); see also Blesedell, 708 F. Supp. at 1421; Laureano, 2007 WL 2826649, at *7-8.

The Court identifies no risk of prejudice to Defendants that would warrant severance.  Defendants argue that factual

19

differences among Plaintiff groups' claims will confuse the jury
and hinder Defendants' right to a fair trial.  For example,
Defendants assert that, based on discovery that has been
completed, certain Plaintiffs were informed of the tax risks
involved in the investments at issue.  They further note
distinctions among the Plaintiff groups' factual allegations:
some Plaintiff groups allege direct fraud, others allege indirect
fraud based on a civil conspiracy theory of liability, and some
claim fraud based on communications made to them through their
accountant rather than in person.  These and any other factual
distinctions among Plaintiff groups will not result in prejudice
to Defendants.  "Any prejudice or confusion [that might occur
from trying Plaintiffs' claims together] can be remedied by a
carefully drafted jury instruction."  <u>Lewis v. Triborough Bridge
& Tunnel Auth.</u>, No. 97-0607, 2000 WL 423517, at *4 (S.D.N.Y. Apr.
19, 2000).  A jury should have little difficulty analyzing the
theories of liability and factual circumstances applicable to
each Plaintiff group.

        The Court also finds no risk of jury confusion or prejudice
with respect to the possible application of multiple states' law.
If choice-of-law rules require the use of multiple states'
substantive law, which would likely have significant
similarities, appropriate jury instructions will ensure proper

application of those laws to the facts underlying each claim.
Id.

The substantial commonalities of all Plaintiffs' claims make apparent that a single case will best promote judicial economy and efficiency.  Much of the discovery and depositions relating to the alleged fraudulent scheme will be relevant to all Plaintiffs.  There will be substantial overlap among the witnesses and documentary evidence used at trial in support of each Plaintiff group's claims.  See Kehr, 596 F. Supp. 2d at 828; Laureano, 2007 WL 2826649, at *8; cf. Lewis, 2000 WL 423517, at *4 (finding separate trials inappropriate where they would "require substantial overlap of witnesses or documentary proof" even if some evidence may not apply to all parties).  Joinder of claims ensures the most efficient use of judicial resources and is consistent with fairness to the parties.

### D.   Conclusion

The Rule 20(a)(1) joinder requirements are satisfied with respect to all Plaintiffs' claims.  The pleadings provide sufficient grounds for finding that the allegations relate to the same transaction or occurrence and present common questions of fact and law.  The promotion of fairness and judicial economy is best achieved through the adjudication of Plaintiffs' claims in a single case.  Defendants' motion to sever the claims of each

Plaintiff group is DENIED.

## IV.   Conclusion

For the foregoing reasons, Defendants' motion for reconsideration of the Court's March 2009 Order is DENIED.  (D.E. 67 and 70).  The motion for severance of Plaintiff groups is also DENIED.  (Id.)

As provided in the Magistrate Judge's Memo Endorsed Order, dated, June 24, 2009, the parties shall contact the Magistrate Judge within five days of this order's issuance for the purposes of scheduling a status conference and establishing a new discovery schedule.  (D.E. 63.)


SO ORDERED.

Dated:    New York, New York

October 22, 2009


Kimba M. Wood
United States District Judge


22