UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
ALLAN GREEN, HANA GREEN, WHITE BUFFALO,      |
LLC, DEAN JANSSEN, KATHLEEN JANSSEN,           |                 <u>OPINION & ORDER</u>
JAMES MICHAEL DUNIGAN, NENA M. DUNIGAN,  |
ABILENE TRADING, LLC, CHRIS C. MALETIS  III,   |
SUSAN E. MALETIS, JAMES D. INGSTAD,              |
VICTORIA S. INGSTAD, THOMAS E. INGSTAD,        |
FARGO TRADING, LLC, and TEI TRADING, LLC,    |            06 Civ. 4156
                                                                              |            (KMW) (JCF)
                                            Plaintiffs,                     |
                                                                              |
             -against-                                                 |
                                                                              |
ANDREW D. BEER and SAMYAK C. VEERA,        |
                                                                              |
                                            Defendants.               |
-----------------------------------------------------------------------X
KIMBA M. WOOD, U.S.D.J.:

I.   <u>Introduction</u>

      In the instant discovery dispute, the parties have each filed objections to Magistrate Judge

Francis' Memorandum and Order of July 2, 2010 (hereinafter, the "July 2 Order").  Plaintiffs

object to the July 2 Order insofar as it requires Plaintiffs to produce documents for which they

have asserted the attorney-client privilege, but which were created by or shared with third

parties.  Defendants object to the July 2 Order insofar as it denies their motion for an order

compelling Plaintiffs to produce documents containing: (1) legal advice in connection with their

initial investment in the COINS Strategy, a tax shelter scheme promoted by Defendants; and (2)

legal advice in connection with settlements that Plaintiffs entered into with the Internal Revenue

Service ("IRS") and other taxing authorities concerning their COINS Strategy investments.

      For the reasons stated below, the magistrate judge's July 2 Order is AFFIRMED in part

and REVERSED in part.  The July 2 Order is REVERSED insofar as this Court finds that

Plaintiffs Allan and Hana Green (hereinafter, the "Green Plaintiffs") did not waive the attorney-client privilege with respect to the emails that Plaintiffs' counsel emailed to the Green Plaintiffs through their son, Daniel Green, who provided necessary assistance in ensuring that those confidential communications timely reached his technologically unskilled parents.  All other aspects of the July 2 Order are not clearly erroneous or contrary to law, and are thus AFFIRMED.

II.  Standard of Review

Pursuant to Rule 72 of the Federal Rules of Civil Procedure and its enabling statute, the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), for non-dispositive matters, including discovery disputes, a district court shall reverse a magistrate's order only where it has been shown that the order is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A) (2002); see also Fed. R. Civ. P. 72(a); Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990).

III.  Plaintiffs' Objections

A.  Introduction

Plaintiffs object to the magistrate judge's order requiring Plaintiffs to produce documents as to which the Plaintiffs have asserted attorney-client privilege, but which were created by or shared with non-parties who are not attorneys.

The magistrate judge rejected Plaintiffs' assertion of attorney-client privilege with respect to email communications shared with certain persons who are neither attorneys nor parties in this litigation.  These persons are identified as: (1) Paul Lenker, financial advisor to Plaintiffs James Michael and Nena M. Dunigan; (2) Brenda Lazzaroni, a certified public accountant who possessed financial information regarding Plaintiffs Dean and Kathleen Janssen; (3) Terry

Nielsen, the Chief Financial Officer of Ace Tomato Co., Inc., a company owned by Dean and Kathleen Janssen;[1] and (4) Daniel Green, the son of the Green Plaintiffs.

Plaintiffs' Financial Advisors have stated in their respective affidavits that they received particular emails from Plaintiffs' counsel, and that they were assisting in the transmission of factual information between Plaintiffs and Plaintiffs' counsel. There is, however, no evidence that their involvement was necessary to ensure the provision of legal advice, or to facilitate the delivery of any emails.

In contrast, Daniel Green, the son of the Green Plaintiffs, received email communications from counsel, which he then provided to his parents. He explained in his affidavit that his technical assistance was necessary for his parents to timely receive the email communications from counsel:

> My parents are not proficient in the use [of] electronic mail and, due to the time-sensitive nature of these communications, it was necessary for these communications to be delivered to my email address to ensure a timely receipt. My parents regularly rely on me to send and receive emails for them.

(Green Aff. ¶ 7).

For the reasons discussed below, the magistrate judge's order is: (1) AFFIRMED with respect to the documents shared with Plaintiffs' Financial Advisors, whose involvement was <u>not</u> necessary to assist in the delivery of electronic communications or in the provision of legal advice to Plaintiffs; and (2) REVERSED with respect to the emails sent by Plaintiffs' counsel to the Green Plaintiffs through their son, who served as an agent to provide necessary assistance in the timely delivery of the emails to his parents.

---

[1] Lenker, Lazzaroni, and Nielsen are referred to collectively in this Order as "Plaintiffs' Financial Advisors."

B.  Law on Attorney-Client Privilege and Disclosure to Third Parties[2]

    1.  Purpose of Attorney-Client Privilege

The attorney-client privilege, designed to facilitate openness and full disclosure between the attorney and the client, shields from discovery confidential communications between the client and the attorney.  See Upjohn Co. v. United States, 449 U.S. 383, 389 (1981).  The privilege permits a client to both refuse to disclose and prevent others from disclosing confidential attorney-client communications made to facilitate the provision of legal services to the client.  See Long v. Marubeni Am. Corp., No. 05 Civ. 639, 2006 WL 2998671, at *2 (S.D.N.Y. Oct. 19, 2006); Arcuri v. Trump Taj Mahal Associates, 154 F.R.D. 97, 101 (D.N.J. 1994).  The privilege extends to confidential information that the client provides to the attorney and legal advice that the attorney provides to the client containing such confidential information. See Nat'l Educ. Training Group, Inc. v. Skillsoft Corp., No. M8-85, 1999 WL 378337, at *2 (S.D.N.Y. June 10, 1999).  The privilege's purpose "is to foster open communication between attorneys and their clients, so that fully informed legal advice may be obtained."  United States v. Jacobs, 117 F.3d 82, 87 (2d Cir. 1997).

    2.  Waiver of Privilege and Exception to Waiver

Communications that include third-parties outside of the attorney-client relationship are generally not privileged.  See United States v. Adlman, 68 F.3d 1495, 1499 (2d Cir. 1995); Allied Irish Banks, 240 F.R.D. at 103; People v. Mitchell, 58 N.Y. 2d 368, 373 (1983).  An exception to this principle applies where "the purpose of the communication [to a third party] is to assist the attorney in rendering advice to the client."  Adlman, 68 F.3d at 1499.  The Second

---

[2] Because federal jurisdiction in this case is based on diversity, claims of privilege are controlled by New York State law.  See Fed. R. Evid. 501; Allied Irish Banks, p.l.c. v. Bank of America, N.A., 240 F.R.D. 96, 102 (S.D.N.Y. 2007).

Circuit has found that the exception to waiver of the attorney-client privilege applies where a translator, or a third party with the ability to appropriately communicate information between attorney and client, is required to assist the attorney in rendering proper legal advice. See United States v. Kovel, 296 F.2d 918, 921 (2d Cir. 1961).

For the exception to the waiver rule to apply with respect to a disclosed communication, the party asserting the privilege must establish two elements. See Nat'l Educ. Training Group, Inc., 1999 WL 378337, at *4. First, the party asserting privilege must show that the client had a reasonable expectation of confidentiality with respect to the communication at issue. Id. Second, the party "must establish that disclosure to a third party . . . was necessary for the client to obtain informed legal advice." Id. "[T]he 'necessity' element means more than just useful and convenient, but rather requires that the involvement of the third party be nearly indispensable or serve some specialized purpose in facilitating the attorney-client communication." Id.; see also In re Application Pursuant to 28 U.S.C. § 1782, 249 F.R.D. 96, 101-02 (S.D.N.Y. 2008) (finding no privilege for communications between "intermediary" and counsel that helped counsel clarify factual issues but were not necessary to the provision of legal services); Allied Irish Banks, 240 F.R.D. at 104 ("[W]here the third party's presence is merely 'useful' but not 'necessary,' the privilege is lost.").

The attorney-client privilege is not waived where a confidential communication is disclosed to a party serving merely as an agent of either the attorney or the client. See People v. Osorio, 75 N.Y. 2d 80, 84 (1989) ("[C]ommunications made to counsel through a hired interpreter, or one serving as an agent of either attorney or client to facilitate communication, generally will be privileged.") (emphasis added); Robert V. Straus Prods., Inc. v. Pollard, 289 A.D. 2d 130, 131 (N.Y. App. Div. 1st Dep't 2001) ("While communications made between a

defendant and counsel in the known presence of a third party generally are not privileged, an exception exists for 'one serving as an agent of either attorney or client.'") (quoting <u>Osorio</u>); <u>Vill. of Kiryas Joel Local Dev. Corp. v. Ins. Co. of N. Am.</u>, No. 90 Civ. 4970, 1992 WL 8207, at *2 (S.D.N.Y. Jan. 16, 1992) ("[T]he privileged communication must be between the attorney, or his agent, and <u>the client, or his agent</u>, and must be made in confidence.") (emphasis added).

A determination of whether the "privilege exists requires 'common sense . . . in light of reason and experience,' and should be determined 'on a case-by-case basis.'" <u>Adlman</u>, 68 F.3d at 1500 n.1 (quoting <u>In re Six Grand Jury Witnesses</u>, 979 F.2d 939, 944 (2d Cir. 1992)).

3.   <u>New York's Statute on Attorney-Client Privilege and Email Communications</u>

New York State law provides additional guidance as to the attorney-client privilege's application in the context of electronic communications, including email.  Section 4548 of the New York Civil Practice Law and Rules provides:

> No communication . . . shall lose its privileged character for the sole reason that it is communicated by electronic means or <u>because persons necessary for the delivery or facilitation of such electronic communication may have access to the content of the communication</u>."

N.Y. C.P.L.R. § 4548 (emphasis added).

The statutory language makes clear that the involvement of a person who plays a <u>necessary</u> role in the delivery of the electronic communication does <u>not</u> constitute a waiver of privilege.  As with any attorney-client communication, the party asserting the privilege must establish that the client had a reasonable expectation of confidentiality with respect to that communication.  <u>See</u> <u>Pure Power Boot Camp v. Warrior Fitness Boot Camp</u>, 587 F. Supp. 2d 548, 564-65 (S.D.N.Y. 2008) (finding that emailed attorney-client communications were privileged even where client's employer accessed his email account and viewed privileged

6

emails, given that party had a "reasonable subjective and objective belief that his communications would be kept confidential"); cf. Geer v. Gilman Corp., No. 06 Civ. 889, 2007 WL 1423752, at *4 (D. Conn. Feb. 12, 2007) ("[P]laintiff's attorney-client privilege in communications with her counsel was not waived by virtue of her having used her fiancé's computer and e-mail address . . . [because] plaintiff took affirmative steps to maintain the confidentiality of the attorney-client communications.").

    C.  <u>Application of Law to Facts</u>

        1.  <u>Emails Disclosed to Financial Advisors</u>

      The magistrate judge did not err in finding that Plaintiffs failed to establish that the sharing of the documents with Plaintiffs' Financial Advisors was "necessary, let alone 'nearly indispensable[,]' to the provision of legal advice" to Plaintiffs.  (July 2 Order at 8.)  The affidavits submitted by Plaintiffs do not establish that Plaintiffs' Financial Advisors' involvement was "necessary," or that Plaintiffs' Financial Advisors "serve[d] some specialized purpose in facilitating the attorney-client communication" and the provision of proper legal advice.  See In re Application Pursuant to 28 U.S.C. § 1782, 249 F.R.D. at 101-02; Allied Irish Banks, 240 F.R.D. at 104.  There is also no evidence that Plaintiffs' Financial Advisors played a "necessary" role in the delivery or facilitation of the emails.  See N.Y. C.P.L.R. § 4548.

      Accordingly, the rejection of Plaintiffs' assertion of privilege as to the documents disclosed to Plaintiffs' Financial Advisors was not clearly erroneous, and is therefore affirmed.

        2. <u>Emails Delivered Through Daniel Green</u>

      The magistrate judge erred in finding that Plaintiffs waived the attorney-client privilege with respect to the emails sent to Daniel Green, who served as a necessary conduit in delivering the attorney's confidential emails to the Green Plaintiffs.

The magistrate judge found that:

> Lack of technical competence . . . is not the equivalent of an inability to communicate. Mr. Green was not required to act as a translator between his parents and their attorney.  Rather, he simply expedited their communications.  There is no evidence that other, confidential, means of communication would not have been sufficient[.]

(July 2 Order at 9.)

The magistrate judge committed clear error by failing to apply Section 4548 of the New York Civil Practice Law and Rules, the relevant state law on attorney-client privilege and electronic communications.  The magistrate judge instead applied only the two-part test for the exception to a waiver of privilege, finding that Daniel Green's involvement was not necessary to the provision of legal services given that alternative means of communication were available.  This analysis is incomplete in the context of electronic communications, for which Section 4548 applies.  Plaintiffs have provided sufficient affidavit evidence that the Green Plaintiffs lack proficiency in the use of email, and that their son's assistance was "necessary for the delivery or facilitation" of counsel's emailed communications to the Green Plaintiffs.  See N.Y. C.P.L.R. § 4548.  Thus, under Section 4548, the Green Plaintiffs have not waived the attorney-client privilege based on Daniel Green's involvement in the delivery of the disputed emails.

The magistrate judge also erred by not finding that Daniel Green served as an agent for the Green Plaintiffs, and that his involvement in the delivery of the otherwise confidential communications would not constitute a waiver of privilege.  It is clear that the Green Plaintiffs had a reasonable expectation that the emailed communications would remain confidential, and that the technical assistance provided by their son, in his capacity as their agent, should not

constitute a waiver of the attorney-client privilege.  See Osorio, 75 N.Y. 2d at 84; Robert V. Straus Prods., Inc., 289 A.D. 2d at 131; Vill. of Kiryas Joel, 1992 WL 8207, at *2.

A finding that privilege has not been waived in this case is appropriate as a matter of public policy.  Email permits attorneys and their clients to engage in prompt communication, often regarding time-sensitive matters.  A client lacking proficiency in Internet technology should not be prevented from enjoying the advantages of email correspondence for fear that the necessary assistance of a third party – here, the Green Plaintiffs' son – in sending or receiving such correspondence will lead to the forfeiture of the attorney-client privilege.

D. Conclusion

Accordingly, the July 2 Order is: (1) AFFIRMED with respect to the documents shared with Plaintiffs' Financial Advisors; and (2) REVERSED with respect to the emails sent to the Green Plaintiffs through their son, Daniel Green.

IV. Defendants' Objections

Defendants object to the magistrate judge's denial of their motion to compel production of documents containing legal advice provided by Plaintiffs' counsel to Plaintiffs regarding: (1) Plaintiffs' "initial COINS Strategy investments"; and (2) Plaintiffs' decision to enter into the settlements with the IRS.  Defendants argue that an "implied waiver" of the attorney-client privilege applies because Plaintiffs have put such legal advice at issue, given that Plaintiffs must prove that: (1) they "reasonably relied" on Defendants' allegedly fraudulent representations at the time of the initial COINS Strategy investments; and (2) their decisions to settle the IRS claims were reasonable.  Defendants' objections are without merit.  The magistrate judge's conclusions on these disputes are not clearly erroneous or contrary to law.

First, the magistrate judge's order denying the motion to compel production of documents containing legal advice regarding Plaintiffs' initial COINS Strategy investments is supported by case law.  Courts in this district have found that a party's assertion of reliance in support of a fraud claim does not necessarily lead to an implied waiver of the attorney-client privilege with respect to legal advice that might undermine the position that such reliance was reasonable.  See, e.g., Laborers Local 17 Health Benefit Fund v. Philip Morris, Inc., No. 97 Civ. 4550, 1998 WL 414933, at *2 (S.D.N.Y. July 23, 1998)  (rejecting the argument "that the mere assertion of a fraud theory or other legal claim implicating the plaintiff's knowledge is sufficient to trigger a broad waiver of the plaintiff's attorney-client privilege"); Standard Chartered Bank PLC v. Ayala International Holdings (U.S.) Inc., 111 F.R.D. 76, 85 (S.D.N.Y. 1986) (noting that finding an implied waiver under circumstances such as those in the present case would render the attorney-client privilege "a nullity in all the vast commercial litigation in which fraud or reliance is an issue"); In re Adelphia Commc'ns Corp., No. 02 Civ. 41729, 2007 WL 601452, at *6 (Bkrtcy. S.D.N.Y. Feb. 20, 2007) (rejecting argument to invoke the implied waiver doctrine in order to gain access to privileged communications where party can learn what adversary knew from other sources and can ask the direct question of witnesses during discovery); accord Rhone-Poulenc Rorer Inc. v. Home Indemnity Co., 32 F.3d 851, 863-64 (3d Cir. 1994) (finding that the attorney-client privilege is not waived merely because a party's state of mind is at issue).[3]

---

[3] The Court recognizes that Defendants' position – that where a plaintiff claims to have reasonably relied on a defendant's advice or information, an implied waiver of privilege may apply – does have some support in the case law.  See, e.g., Chin v. Rogoff & Co., P.C., No. 05 Civ. 8360, 2008 WL 2073934, at *6-7 (S.D.N.Y. May 8, 2008); Bank Brussels Lambert v. Credit Lyonnais (Suisse), 210 F.R.D. 506, 510 (S.D.N.Y. 2002).  To the extent that there is a split in the case law, however, the magistrate judge's order cannot be considered clearly erroneous or contrary to law.

Second, the Court finds no error in the magistrate judge's order denying the motion to compel production of documents containing legal advice regarding Plaintiffs' decision to settle the IRS claims relating to the COINS Strategy investments. As the magistrate judge found, any advice that Plaintiffs' counsel provided at the time of the settlements is not relevant to adjudication of the disputed factual issues, and has not been placed at issue by Plaintiffs.

Accordingly, the Court finds Defendants' objections to the July 2 Order to be without merit.

V. Conclusion

The July 2 Order is AFFIRMED, with the exception of the magistrate judge's ruling that the disputed Green Plaintiffs' emails are discoverable. (Dkt. Entry Nos. 94, 96.) The magistrate judge's order that Plaintiffs must produce the disputed Green Plaintiffs' emails is clearly erroneous, and is thus REVERSED. The disputed Green Plaintiffs' emails are protected by attorney-client privilege, and there has been no waiver of that privilege.

Discovery shall proceed, as consistent with this Opinion and Order, at the direction of Magistrate Judge Francis.

SO ORDERED.

Dated: New York, New York
       August 24, 2010

Kimba M. Wood
United States District Judge

11